**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| BYRON HARRIS, | : | Case No. 1:26-cv-313 |
| | : | |
| Plaintiff, | : | |
| | : | District Judge Jeffery P. Hopkins |
| vs. | : | Magistrate Judge Stephanie K. Bowman |
| | : | |
| WARDEN CHAE HARRIS, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**REPORT AND RECOMMENDATIONS**

Plaintiff, a prisoner in state custody at Southern Ohio Correctional Facility,[1] has filed this civil action seeking a writ of mandamus under 28 U.S.C. § 1361.  Plaintiff alleges that Defendants violated the Ohio Public Records Act, Ohio Revised Code ("O.R.C.") 149.43(b)(1) and requests this federal Court to compel Defendants to "perform their legal duty & legal obligation" pursuant to O.R.C. 2731.01.  (Doc. 1-1, PageID 11).  This case has been referred for certain matters to the Undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and this Court's Amended General Order 22-05.  By separate Order, Plaintiff has been granted leave to proceed *in forma pauperis*.

Because the Undersigned determines that the Court is without jurisdiction over the Petition, it is **RECOMMENDED** that this matter be **DISMISSED**.  *See Carlock v. Williams*, 182 F.3d 916 (table), 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (citing 28 U.S.C.

---

[1] The docket reflects that Plaintiff is housed at Warren Correctional Institution, but according to the Ohio Department of Rehabilitation and Corrections ("ODRC") website, Plaintiff is currently in state custody at Southern Ohio Correctional Facility.  *See* ODRC, Offender Search "Byron Harris", https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A690477 (last visited June 22, 2026).

§ 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3)) (finding that where there is no basis for federal jurisdiction apparent on the face of a complaint, a district court may dismiss the action as frivolous and for lack of subject matter jurisdiction).

In this action, Plaintiff seeks to compel Defendants Warden Chae Harris, "A.A." Warden Norm Evans, and Corrections Officers Dan Hudson, M. Cook and T. Lyon with Warren Correctional Institution; and Director Annette Chambers-Smith with ODRC to fulfill Plaintiff's March 2026 public records requests.  (Docs. 1-1 (Petition); 1-2 (Complaint)).  Plaintiff alleges that he has electronically filed multiple public records requests and that he has not received the requested records apart from a March 4, 2026, conduct report.  (Doc. 1-1, PageID 11-12; Doc. 1-2, PageID 17, 19).  Plaintiff alleges that both O.R.C. 149.43(b)(1) and ODRC do not provide for an appeals process to further pursue his requests.  (Doc. 1-1, PageID 13-14).

This federal district court lacks jurisdiction over this matter, however, because Plaintiff seeks a writ of mandamus against state actors not federal officials or agencies.  Under 28 U.S.C. § 1361, the "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee *of the United States* or *any agency thereof* to perform a duty owed to the plaintiff."  28 U.S.C. § 1361 (emphasis added).  In this case, because Plaintiff "seeks an order compelling a state official to act, this Court has no authority under the mandamus provision to grant him the relief he requests."  *Ruiz v. Okla. Cnty. Sheriff's Office*, No. CIV-07-43-C, 2007 WL 950367, at *2 (W.D. Okla. Mar. 27, 2007) (collecting cases).  *See El Bey v. Branstool*, No. 2:23-cv-1258, 2024 WL 2952374, at *3 (S.D. Ohio June 12, 2024) (finding that a federal district court has no authority to issue a writ of mandamus against a state judge); *Myers v. Steube*, No. 8:09-cv-380, 2009 WL 591491, at *3 (M.D. Fla. Mar. 6, 2009) (citations omitted) (finding that the federal district court had no jurisdiction to issue a writ of mandamus against a

2

county sheriff); *Hoodenpyle v. El Paso Dist. Ct.*, No. 08-cv-1710, 2008 WL 4327257, at *1 (D. Colo. Sept. 18, 2008) (dismissing mandamus action against a county sheriff because the sheriff and other defendants were not officers or employees of the United States).

Because the Court lacks jurisdiction to grant Plaintiff the relief he seeks, the Petition for a Writ of Mandamus should be **DISMISSED without prejudice**. *See Kelly v. Phifer*, No. 1:22-CV-399, 2022 WL 17037566, at *3 (S.D. Ohio Nov. 17, 2022) ("Where a court lacks subject-matter jurisdiction . . . dismissal without prejudice is appropriate.").

Plaintiff has also filed a motion for a temporary restraining order ("TRO") and preliminary injunction. (Doc. 5). Because the Undersigned recommends that the Petition be dismissed for lack of subject matter jurisdiction, Plaintiff's motion (Doc. 5) should be **DENIED as MOOT**.

### IT IS THEREFORE RECOMMENDED THAT:

1. The mandamus petition be **DISMISSED without prejudice**.

2. Plaintiff's motion for TRO and preliminary injunction (Doc. 5) should be **DENIED as MOOT**.

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

### PROCEDURE ON OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and

shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019).  *See also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**Date:**   **June 24, 2026**                    **  *s/Stephanie K. Bowman* **
                                                             **Stephanie K. Bowman**
                                                             **United States Chief Magistrate Judge**

4